**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

U.S. D...

2014 JAN 13  AM 11: 26

---

| | |
|---|---|
| NICHOLAS THOMPSON, | Case No. |
| Plaintiff, | **14 CV   0**... |
| vs. | |
| QUALITY RESOURCES, INC., JOHN DOES, and DOES, INC. | JUDGE KARAS |
| Defendants | |

---

### COMPLAINT

---

Plaintiff Nicholas Thompson ("Plaintiff") alleges on personal knowledge and investigation of their counsel as follows:

### I.    Nature of Action

1.    Plaintiff Nicholas Thompson ("Plaintiff") brings this private action against the defendant(s) to secure redress for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff seeks damages and other legal and equitable remedies, resulting from the illegal actions of Quality Resources, Inc. (hereinafter referred to as "Quality Resources" or "Defendant"), et al., in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

1

Complaint
January 7, 2014

Case No.

## II.    Jurisdiction and Venue

2.      The Court has federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012).

3.      Venue is proper because a substantial portion of the events complained of occurred in this District.

## III.    Parties

4.      Plaintiff Nicholas Thompson is, and at all times mentioned herein was, an individual citizen of the State of New York, who resides in Scarsdale, New York.

5.      Defendant Quality Resources is, and at all times mentioned herein was a corporation whose primary corporate address and headquarters are in Clearwater, Florida. Quality Resources, Inc. maintains an address at 19321C US Highway 19 North, Suite 200, Clearwater, Florida 33764.

6.      Defendant, Quality Resources, Inc. is a person as defined by 47 U.S.C. § 153(10).

7.      The John Doe and Doe, Inc. Defendants are individual employees, entities, and/or agents employed by or associated with Quality Resources, Inc. and whose identities are currently unknown to the Plaintiff. One or more of these Defendants may be joined as parties once their identities are disclosed through discovery.

## IV. The Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, Prohibits Calls to Cellular Telephones

8.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

2

Complaint
January 7, 2014

Case No.

use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

**The TCPA prohibits telemarketing calls made to persons and entities listed on the Do Not Call Registry**

11.     In 1995, the FTC adopted the Telemarketing Sales Rule, 16 C.F.R. § 310, which was later amended in 2003. Among other things, the amended TSR established a "Do Not Call Registry." The Registry lists the telephone numbers of consumers who have informed the FTC that they do not wish to receive certain types of telemarketing calls.

12.     The TCPA prohibits persons or entities from initiating telephone solicitations to registered telephone subscribers. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). Under the TCPA, a person whose number is on the registry, and who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13.     The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the telephone subscriber's prior express invitation or permission to make the call. 47 C.F.R. § 64.1200(c)(2)(ii).

14.     Such permission must be evidenced by a signed, written agreement between the consumer and seller that states the consumer agrees to be contacted by this seller, and includes the telephone number to which the calls may be placed. 47 C.F.R. § 64.1200(c)(2)(ii).

15.     Companies are charged with complying with FTC regulations as well as Federal Communications Commission (FCC) regulations and statutes, including the FCC's

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

3

Complaint
January 7, 2014

Case No.

TCPA, 47 C.F.R. § 64.1200(c) *et seq.*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. § 310.1 *et seq.*

16.     Calls that have more than one purpose, so-called "dual purpose calls" under the FCC rules, regulations and orders, are impermissible if one purpose of the call is telemarketing. *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order,* 18 FCC Rcd. 14,014, 14,095-14,097; ¶ 136-142 (July 3, 2003); see also *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Ruling on Petition of SoundBite Communications, Inc.,* ¶ 12 (Nov. 29, 2012).

17.     Thus, even if one purpose of the call was truly to ask "questions about your order," the fact that there was a second, telemarketing purpose, changes the status of the call to telemarketing, subject to the restrictions of the TCPA.

## V.     Factual Allegations

18.     At all relevant times, Plaintiff Nicholas Thompson was an individual residing in the State of New York. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

19.     Plaintiff uses his cellular phone on a daily regular basis for ordinary personal purposes, using Verizon Wireless as the carrier.

20.     Plaintiff's cellular telephone number is 914-XXX-XXXX.

21.     Plaintiff's phone service was subscribed to in the name of Plaintiff's mother.

22.     Plaintiff is in possession of the cellular phone equipment connected with the number, 914-XXX-XXXX, and has exclusive use and enjoyment of the phone and its number. Plaintiff has maintained exclusive use and enjoyment of the phone and phone number 914-XXX-XXXX since the time the number was registered as well as all periods relevant to this cause of action, including, but not limited to the period in which Plaintiff received calls from the Defendant, Quality Resources, Inc.

23.     Plaintiff never transacted business with Quality Resources, Inc.

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

4

Complaint
January 7, 2014

Case No.

24.     Upon information and belief, Plaintiff never transacted business with any corporations or businesses associated with Defendant Quality Resources, Inc.  Plaintiff never transacted business with any corporations or businesses with which Quality Resources has a telemarketing agreement or other type of contract.

25.     Plaintiff has never transacted business with Stompeez, Infomercials, Inc., Sempris, LLC d/b/a Budget Savers, or Provell, Inc. f/k/a Budget Savers, all entities known to have associated with Quality Resources.

26.     Plaintiff was never informed that his information was going to be shared with Quality Resources, Inc. or any other marketing company that would attempt to sell him goods or services through telemarketing.

27.     Quality Resources, Inc. is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

28.     Notwithstanding the fact Plaintiff did not provide Quality Resources with his cellular number at any time, Quality Resources repeatedly attempted to contact Plaintiff on his cellular telephone.

29.     The telephone number 1-866-379-2003 is registered, owned, and controlled by Defendant Quality Resources.

30.     Quality Resources used 1-866-379-2003 to call the Plaintiff's cellular phone thirty-four (34) times within a one-week period.

31.     All telephone contact by Quality Resources to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within one year of the filing of this Complaint.

32.     Plaintiff received thirty-eight (38) telephone calls from Quality Resources, Inc. between August 22, 2013 and September 21, 2013. *See* Exhibit A for a complete listing of calls, including the date and the time of each call.

33.    During the period referenced in paragraph 32, Quality Resources contacted Plaintiff up to six (6) times per day. Plaintiff was contacted six times on August 22, 2013, August 23, 2013, and August 26, 2013.

34.    It should be noted that some of the telephone calls to Plaintiff occurred within only 30 minutes of each other. On August 23, 2013 Quality Resources called Plaintiff at 8:35 pm and again at 8:59 pm, only 24 minutes apart. Similarly, on August 22, 2013, Quality Resources contacted Plaintiff at 8:02 pm and 8:36 pm, only 34 minutes apart.

35.    Defendant's calls to Plaintiff, which occurred up to 6 times per day and 34 times inside a one-week period defies logic and reason. The calls made by Quality Resources do not appear to serve any practical purpose and were in no way invited by Plaintiff nor served to benefit the Plaintiff. Defendant's aggressive calling campaign to Plaintiff's cellular telephone constitutes a highly impersonal and mechanical calling strategy and scheme.

36.    Consumers filed over 100 complaints with the Better Business Bureau (BBB) within the last three years against Quality Resources citing high pressure sales methods and repeated calls to the same numbers, multiple times per day.

37.    Plaintiff never provided Quality Resources his cellular phone number. Plaintiff has no knowledge as to how Quality Resources came into possession of his cellular phone number or how his number became added to Quality Resources, Inc.'s telemarketing list.

38.    The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39.    Plaintiff did not provide a wireless number to Quality Resources nor otherwise provide express consent to receive prerecorded calls by Quality Resources on Plaintiff's cellular telephone.

40.    Plaintiff did not provide "express consent" allowing Quality Resources to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice"

or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

41.     Defendant willfully intended to make the calls that are the subject of this lawsuit. 47 U.S.C. § 312(f)(1). The calls were made pursuant to a common policy, practice or procedure, that was developed with the purpose of selling goods and services, including calling telephone numbers that are on the National Do Not Call Registry, through use of an automatic telephone dialing system.

42.     Furthermore, Defendant knew about the TCPA and engaged in practices violating the TCPA in spite of such knowledge. Defendant entered into contracts with third parties, which specifically contemplate what happens if the calls are found to violate the TCPA.

43.     Quality Resources did not make telephone calls to Plaintiff's cellular phone "for emergency purposes". Defendant utilized an "artificial or prerecorded voice" or placed the calls through an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent, which violated 47 U.S.C. § 227(b)(1)(A).

44.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Quality Resources to demonstrate that Plaintiff provided express consent within the meaning of the statute.[1]

45.     Plaintiff was injured in that his right to privacy was illegally invaded by Defendant's repeated and improper automated telemarketing calls.

## VI.     CAUSES OF ACTION

### FIRST COUNT

### DEFENDANT CALLED PLAINTIFF DESPITE HIS PHONE NUMBER BEING REGISTERED ON THE DO NOT CALL REGISTRY

---

[1] See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

7

Complaint
January 7, 2014

Case No.

46.     Plaintiff incorporates by reference the foregoing paragraphs and allegations of this
        Complaint as if fully set forth herein.

47.     Plaintiff's Phone Number is registered on the FTC's National Do Not Call Registry.

48.     Plaintiff's Phone Number has been registered on the Do Not Call Registry since
        March 1, 2012, which has been verified by the online system managed and maintained by
        the FTC. *See* Exhibit B.

49.     As explained above, Defendants made unsolicited telemarketing phone calls to
        Plaintiff in violation of the TCPA 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

50.     Furthermore, defendants' policies, practices and procedures for TCPA compliance are
        insufficient, because they permit illegal telemarketing to numbers that are listed on the
        National Do Not Call Registry.

<u>SECOND COUNT</u>

**AUTODIALED CALLS TO CELL PHONES**

51.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if
        fully stated herein.

52.     As explained above, Defendant made improper calls to Plaintiff's cellular telephones
        using an automatic telephone dialing system and/or artificial or prerecorded voice, in
        violation of the TCPA 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a).

THIRD COUNT

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     Plaintiff is entitled to protection against unreasonable interferences with his solitude.

55.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns. Under § 652(b), such a person "is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56.     Defendants intentionally intruded upon Plaintiff's affairs or seclusion and right to privacy by continually harassing the Plaintiff with the above referenced telephone calls. Defendants made frequent attempts to contact the Plaintiff despite his number being listed on the Do Not Call list.

57.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

58.     The conduct of the Defendants in engaging in the illegal telemarketing activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

59.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

60.     All acts of Defendants and its agents were committed with intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## VII.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 *ET SEQ.*,

61.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

62.     Quality Resources failed to establish and/or properly monitor and supervise the implementation of a plan, consisting of policies and procedures, for compliance with the TCPA. Quality Resources failed to establish and/or supervise the implementation of a plan that would prevent calls to numbers registered on the FTC's Do Not Call list and/or calls to cellular telephones.

63.     Defendants, John Does and/or John Does, Inc., acting as employees and/or agents of Quality Resources failed to adhere to policies and/or procedures that would prevent non-consensual calls to a cellular telephone registered on the FTC's Do Not Call list. These defendants were in possession and control of telephone dialing equipment that contacted Plaintiff in violation of the TCPA. Defendants, John Does, Inc., may also consist of entities who have entered into agreements with Quality Resources, which authorize Quality Resources to contact their customers. In the process of entering into these agreements Quality Resources discloses their business model and practices and the John Does, Inc. defendants thereby approve of those practices, despite the impossibility of TCPA compliance.

64.     As a result of Defendants' actions and inactions Plaintiff's cellular phone number was dialed 38 times despite being registered on the Do Not Call list.

65.     As a result of the Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, the Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

10

Complaint
January 7, 2014

Case No.

66.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## VIII.  KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

67.     The foregoing acts and omissions of the Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

68.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

69.     Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants:

A.  As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every call that violated the TCPA;

B.  As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

D.  Actual damages from Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial

E.  Punitive damages; and

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

11

Complaint
January 7, 2014

Case No.

F.  Such other relief as the Court deems just and proper

## X.  DEMAND FOR JURY TRIAL

I.      Plaintiff demands a trial by jury on all counts so triable.

## XI.  DOCUMENT PRESERVATION DEMAND

I.      Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the Plaintiff, or the sending of emails or making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that the Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

DATED this 7th day of January, 2014.


                                    Law Office of Adam Wynn

                                    By: _____
                                        Adam S. Wynn, Esq.
                                        11 Granada Crescent, Suite # 6
                                        White Plains, NY 10603
                                        adam@wynnlegal.com
                                        Tel: (914) 629-3445

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

12

Complaint
January 7, 2014

Case No.

## VERIFICATION OF COMPLAINT

I, Nicholas Thompson, on oath depose and state that I have read this Complaint carefully and that all factual assertions are true and accurate, to the best of my knowledge and belief.

Dated: January 7, 2014.

*Nicholas Thompson*
Nicholas Thompson

STATE OF NEW YORK    )
                              ) ss.
WESTCHESTER COUNTY )

On January 7, 2013, there personally appeared before me Nicholas Thompson, and he made an oath as to the truth of his statements in this Verification of Complaint.

*Kara Battista*
Notary Public

KAREN BATTISTA
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BA6029050
MY COMMISSION EXPIRES 12-26-2017

Law Office of Adam Wynn
11 Granada Crescent, Suite # 6
White Plains, NY 10603
914-629-3445

13

Complaint
January 7, 2014

Case No.

# EXHIBIT A:

EXHIBIT A

**Calls from Quality Resources, Inc.'s Telephone Number to Plaintiff's Cellular Phone:**

**1-866-379-2003 (Quality Resources, Inc.)**

| # | DATE OF CALL | TIME OF CALL |
|---|---|---|
| 1. | 08.22.2013 | 12:46 pm |
| 2. | 08.22.2013 | 03:51 pm |
| 3. | 08.22.2013 | 05:05 pm |
| 4. | 08.22.2013 | 06:49 pm |
| 5. | 08.22.2013 | 08:02 pm |
| 6. | 08.22.2013 | 08:36 pm |
| 7. | 08.23.2013 | 09:16 am |
| 8. | 08.23.2013 | 11:39 am |
| 9. | 08.23.2013 | 02:51 pm |
| 10. | 08.23.2013 | 07:07 pm |
| 11. | 08.23.2013 | 08:35 pm |
| 12 | 08.23.2013 | 08:59 pm |
| 13. | 08.24.2013 | 09:29 am |
| 14. | 08.24.2013 | 11:22 am |
| 15. | 08.24.2013 | 01:17 pm |
| 16. | 08.24.2013 | 03:16 pm |
| 17. | 08.24.2013 | 04:49 pm |
| 18. | 08.26.2013 | 09:38 am |
| 19. | 08.26.2013 | 12:25 pm |
| 20. | 08.26.2013 | 03:43 pm |
| 21. | 08.26.2013 | 05:57 pm |
| 22. | 08.26.2013 | 07:16 pm |
| 23. | 08.26.2013 | 08:06 pm |
| 24. | 08.27.2013 | 09:54 am |
| 25. | 08.27.2013 | 07:35 pm |
| 26. | 08.28.2013 | 10:16 am |
| 27. | 08.28.2013 | 03:57 pm |
| 28. | 08.28.2013 | 07:11 pm |
| 29. | 08.28.2013 | 08:57 pm |
| 30. | 08.29.2013 | 11:00 am |
| 31. | 08.29.2013 | 03:24 pm |
| 32. | 08.29.2013 | 05:56 pm |
| 33. | 08.29.2013 | 07:10 pm |
| 34. | 08.29.2013 | 08:03 pm |
| 35. | 08.30.2013 | 10:53 am |
| 36. | 08.31.2013 | 09:52 am |
| 37. | 08.31.2013 | 11:58 am |
| 38. | 09.21.2013 | 11:46am |

# EXHIBIT B:

**EXHIBIT B**



nicholas thompson <███████@gmail.com>

---

## National Do Not Call Registry - Your Registration Is Confirmed
1 message

---

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: ███████@gmail.com

Sun, Jan 12, 2014 at 4:25 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in ███ on March 01, 2012. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit **https://www.donotcall.gov** to register another number or file a complaint against someone violating the Registry.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
••••••••••••••••••••••••••••••••••••••

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.